## UNITED STATES DISTRICT COURT
## FOR THE DISTRIC OF PUERTO RICO

| | |
|---|---|
| Antonio Caballero, <br><br> Vs. <br><br> Fuerzas Armadas Revolucionarias De Colombia, etc. and The Norte De Valle Cartel, Dfts. // To: Nodus International Bank Inc. | Case# 320MC00293JAG |

## MOTION TO QUASH SUBPOENA
## AND IN OPPOSITION TO MOTION TO COMPEL

TO THE HONORABLE COURT:

COMES NOW Nodus International Bank, Inc., a third party to the captioned case, and very respectfully responds to the Motion to Compel filed by the Plaintiff against Nodus International Bank, Inc.:

1. On August 19, 2021, the Plaintiff notified Nodus International Bank, Inc. (here in after also referred to as the "Bank") of several documentation related to a Motion to Compel filed in the captioned case on May, 2021.

2. The referred Motion to Compel in turn relates to a "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action" issued in the case of reference (the "Subpoena") previously served on the Bank.

3. On behalf of the Bank and pursuant to Rule 45(d)(2)(b) of the Federal Rules of Civil Procedure, <u>without waiving any further objection and/or assertions of privilege to any specific documents and / or information</u>, we object the subpoena for the following reasons:

1

    a.    The production of documents requested is overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific. This results from the Subpoena not identifying the names of any individuals and/or entities nor a period of time from which the information sought is requested. This amounts to requiring the Bank to provide information from every single client and regarding transactions and/or information since the date of its organization to the present, which would clearly be overbroad, burdensome, and abusive.

    b.    All the information and documents required in the Subpoena relate to sanctions programs administered by the Office of Foreign Assets Control Act ("OFAC"). Such information and documents are confidential pursuant to the federal laws and regulations pertaining to such programs administered by OFAC. Plaintiff is free to request the information and documents identified in the Subpoena from OFAC, which is the federal government agency in control of said information and documents, and with the power and authority to determine the extent to which said information may or may not be disclosed to a third party in accordance with the Freedom of Information Act.

4.    Fed.R.Civ.P. 45(d)(3) provides:

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:*

    *(i) fails to allow a reasonable time to comply;*

    *(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);*

    *(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or*

    *(iv) subjects a person to undue burden.*

*(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:*

    *(i) disclosing a trade secret or other confidential research, development, or commercial information; or*

*(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.*

4. Pursuant to the clear mandate of Fed.R.Civ.P. 45(d)(3)(A)(iii)-(iv), the Bank respectfully requests the Honorable Court to quash the subpoena due to the fact that it (a) requires the disclosure of information that is confidential and privileged in nature pursuant to the laws and regulations administered by OFAC when required from a financial institution such as the Bank; and (b) clearly subjects the Bank to undue burden.

5. The Bank respectfully submits to the Court's consideration that Plaintiff due course of action is to request the information identified in the Subpoena directly from OFAC, which is the federal government agency in control of said information and documents with the power and authority to determine the extent to which said information may or may not be disclosed to Plaintiff in accordance with the Freedom of Information Act.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of September, 2021.

**SOSA LLORÉNS CRUZ NERIS & ASOCIADOS**
*Attorneys for BNC International Banking Corporation*
100 Carr. 165, Suite 605
Guaynabo, Puerto Rico 00968
Tel. (787) 782-3400
Fax (787) 782-3070

**s/ MYRIAM E. MATOS BERMUDEZ**
USDC-PR 208702
E-mail: m.matos@slcnlaw.com