UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF PUERTO RICO

| | |
|---|---|
| Antonio Caballero,<br><br>Vs.<br><br>Fuerzas Armadas Revolucionarias De Colombia, etc. and The Norte De Valle Cartel, Dfts. // To: Nodus International Bank Inc. | Case# 320MC00293JAG |

**REPLY TO OPPOSITION TO MOTION TO COMPEL**

TO THE HONORABLE COURT:

COMES NOW Nodus International Bank, Inc. (the "Bank" or "Nodus"), a third party to the captioned case, and very respectfully responds to Plaintiff's "Reply in Support of His Motion to Compel Production of Documents Pursuant to Subpoenas [D.E. 6] and Opposition to Nodus International Bank Inc.'s Motion to Quash Subpoena [D.E. 9]":

1. On September 29, 2021, Plaintiff filed an Opposition to Nodus' Motion to Quash Subpoena [DE # 12].

2. The referred Opposition is incomplete as it omits important information that Nodus wishes to reiterate and point out to the Court.

3. First, the Subpoena Plaintiff wishes to enforce through the Motion to Compel is clearly burdensome, vague, ambiguous, and not reasonably specific request for information.

1

4. The Subpoena requests "any and all accounts and/or assets" that are frozen, seized or blocked or otherwise subject to U.S. possession under at least 13 different sanction programs administered by OFAC. The Subpoena does not specify dates related to actions that may have been or not taken by the Bank. The Subpoena does not give any indication regarding the identity of any account holder nor any party in a transaction where funds were blocked. Thus, Plaintiff is essentially requesting disclosure by the Bank of information of <u>all</u> blocked and seized accounts since its organization, even from accounts registered to individuals or entities unrelated and that are not a party to the captioned case. In view of the aforementioned, and the nature of the vague descriptions and requests contained in the Subpoena, it becomes a "fishing expedition" of bank records and does not constitute a specific request of any nature.

5. Second, as stated in Nodus' Motion to Quash, any requests for information pertaining to blocked accounts should be made to OFAC. 31 C.F.R. §603(e) provides:

   *"OFAC records are made available to the public in accordance with the Freedom of Information Act (FOIA) (5 U.S.C. 552) and the provisions of 31 CFR part 1. See 31 CFR 1.5 for provisions pertaining to business information. Reports on blocked and unblocked property and the information required to be reported to OFAC pursuant to this section are subject to the FOIA. Information provided to OFAC pursuant to this section generally will be released upon the receipt of a valid FOIA request, unless OFAC determines that such information should be withheld in accordance with an applicable FOIA exemption".*

6. It should be noted that, as per the Reply filed by Plaintiff on September 29, 2021, Plaintiff has already received from OFAC information related to the identity of account holders and the corresponding blocked funds. Thus, there is nothing preventing Plaintiff from providing Nodus with more detailed information through a more specific, less vague, and ambiguous

2

Subpoena. Nothing prevents Plaintiff from issuing a new, more detailed Subpoena and timely and properly notify it to the Bank.

7. Third, financial institutions are legally required to protect and preserve the confidentiality and privacy of customer information. As per legal mandate, customer financial information may only be disclosed to third parties within specific circumstances and exceptions provided in specialized laws and regulations. See, Gramm Leach Bliley Act, Regulation P (12 CFR Part 106), and Right to Financial Privacy Act (12 U.S.C. Chapter 35). A defective Subpoena and enforcement of a Motion to Compel based on a defective Subpoena cannot be considered as any of those exceptions and/or circumstances.

8. Contrary to Plaintiff's averments, Fed. R. Civ. P. 69(a)(2) does not release nor excuses a party from compliance with applicable laws and regulations in the discovery of confidential information of a third party.

9. The Bank respectfully submits to the Court's consideration that in this case, Plaintiff's due course of action is to clarify and make a more specific, detailed Subpoena since Plaintiff has admitted it has already obtained information from OFAC. Once Plaintiff provides names, dates, and account numbers in a properly issued and served Subpoena, the Bank will be authorized to respond and/or disclose information in accordance and in compliance with all applicable laws and regulations.

10. Finally, the undersigned reiterate and reaffirm that for purposes of this filing and all the previous filings made in this case on behalf of Nodus, as per the contents of the motion itself, the undersigned are appearing as legal representatives for Nodus.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 5ʰ day of October, 2021.

**SOSA LLORÉNS CRUZ NERIS & ASOCIADOS**
*Attorneys for Nodus International Bank, Inc.*
100 Carr. 165, Suite 605
Guaynabo, Puerto Rico 00968
Tel. (787) 782-3400
Fax (787) 782-3070

**s/ MYRIAM E. MATOS BERMUDEZ**
USDC-PR 208702