**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ANTONIO CABALLERO<br><br>Plaintiff,<br><br>v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA, a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DE VALLE CARTEL<br><br>Defendants. | CASE NO. 20-MC-00293 (JAG)(HRV) |

## <u>MEMORANDUM AND ORDER</u>

### I. INTRODUCTION

This is a post-judgment collection action arising from a Final Judgment entered by the United States District for the Southern District of Florida in favor of Plaintiff Antonio Caballero (hereinafter "Caballero" and/or "Plaintiff"), and against Defendants under the Anti-Terrorism Act, 18 U.S.C. § 2333.[1] Plaintiff was awarded $45 million in actual compensatory non-economic damages, which the Court trebled under 18 U.S.C § 2333; $1,729,667.00 in actual compensatory economic damages, trebled under § 2333; and a post-judgment interest rate of 0.15% per annum. (Docket No. 6, ¶5).

---

[1] *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 18- 25337 (S.D. Fla. May 20, 2020).

Plaintiff registered the Judgment with this Court pursuant to 28 U.S.C. § 1963 ("A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.") (Docket No. 1). He believes that there are assets within this Court's jurisdiction that may be used to satisfy his Final Judgment, particularly "blocked assets" under the Terrorism Risk Insurance Act of 2002 ("TRIA"). (Docket Nos. 6, ¶3 and 12, ¶6).

Plaintiff served subpoenas to produce documents upon the following financial institutions: a) Activo International Bank; (b) Arca International Bank Inc.; (c) Banplus International Bank Inc.; (d) Italbank International Inc.; and (e) Nodus International Bank Inc. (the "Third-Party Financial Institutions"), to produce documents in compliance with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena"). (Docket No. 6, at 1; and Exhibit A to Motion to Compel, Subpoena, Docket No. 6-1). After the Third-Party Financial Institutions failed to produce the requested documents, Plaintiff moved to compel. (Docket No. 6).

The Court held in abeyance the Motion to Compel pending the Third-Party Financial Institutions' response. (Docket No. 7). Only Nodus International Bank, Inc. (hereinafter "Nodus") and Banplus International Bank, Inc., (hereinafter "Banplus") appeared and moved to quash the subpoenas. (Docket Nos. 8 and 9). Plaintiff replied and opposed the motion to quash. (Docket Nos. 12 and 13). Nodus and Banplus surreplied. (Docket Nos. 14 and 15).

On July 29, 2025, these motions were referred to me by the presiding District Judge for disposition. (Docket No. 18).

2

On August 20, 2025, Caballero filed a motion to withdraw his motion to compel regarding Activo International Bank, Arca International Bank Inc., and Italbank International Inc. (Docket No. 20). Thus, the only remaining banking institutions for which Caballero is seeking enforcement of the Subpoenas are Nodus and Banplus.

I held a status conference on August 13, 2025. (Docket No. 22). Only Plaintiff was present. As of today, neither Nodus nor Banplus have explained their failure to appear at the hearing.

## II. APPLICABLE LAW AND ANALYSIS

Caballero's Subpoenas against Nodus and Banplus seek "[a]ny and all accounts and/or assets that are 'frozen,' 'seized,' 'blocked,' or otherwise subject to U.S. government possession, control, or restriction" under a series of sanctions programs and regulations. (Docket No. 6-1). As to each account, Plaintiff seeks: "a. name(s) of each account; b. name(s) of the person and/or entity that was the cause of the blocking of each account and/or asset; c. account number(s); d. type of account; e. s registered owner(s), including address, identification number(s), phone numbers, tax payer identification and social security numbers; f. the current balance of each account; and g. the financial institution or entity that has the account." (Id.)

The Subpoenas also seek information about accounts or assets that have been provided by each of the subpoenaed entities to the United States Treasury, Office of Foreign Assets Control ("OFAC"), identifying accounts that are blocked, or otherwise subject to U.S. government possession, control, or restriction, and are linked to or held "by any organization, association, cartel, corporation, entity, affiliate, principal, member, family member, representative, group, and/or individual." (Id.).

3

Further, the Subpoenas directed that all documents be produced at the law offices of Vicente & Cuebas on or before September 14, 2020. (Docket No. 6-1). The record shows that Banplus and Nodus were served on September 10, 2020. (Id., at 4, and 6). Caballero argues that none of these entities have objected, much less complied with the Subpoenas.

After Caballero moved to compel the production, Nodus and Banplus filed oppositions. (Docket Nos. 8 and 9). Nodus opposed and moved to quash on two grounds. First, it argued that the production sought is "overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific" because the Subpoenas do not identify the names of any individuals and/or entities nor a period of time from which the information sought is requested. (Docket No. 8, at 2). And second, Nodus asserts that the information related to the sanctions programs administered by OFAC is confidential information. (Id.)

Banplus, on the other hand, asserted that it did in fact respond to the Subpoena. (Docket No. 9, at 2).[2] In its surreply, Banplus attached copy of a letter dated September 24, 2020. Although Plaintiff had initially argued that it could not find Banplus' letter in its records, after Banplus provided a copy, Plaintiff did not further refute its existence. Therefore, I have no reason to doubt Banplus' assertion that it timely objected to the Subpoena.

---

[2] In its reply, Plaintiff proffered that it made a good faith effort in searching its records and did not find the Banplus objection letter. (Docket No. 12, ¶8). Caballero stated that it did receive a letter from the law firm that represents Banplus but the letter was on behalf of another entity in relation to a separate subpoena sent to that entity. (Id., n. 4).

4

The letter contained Banplus' objections to the Subpoena, which are essentially the same as Nodus', namely, overbreadth, vagueness, undue burden, ambiguity, and confidentiality. (Docket No. 15-2). Banplus raised the same objections in his opposition to the motion to compel. (Docket No. 9).

Plaintiff correctly replies that Nodus' objections are belated, having been filed more than a year after the Subpoena was served. Rule 45(d)(2)(B) provides that a person or entity served with a subpoena may submit a written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served."

"Failure to timely and properly object to the subpoena generally constitutes a waiver of all grounds for objection, including privilege." *Pons v. Walter Kidde Portable Equip. Inc.*, No. 1:25-MC-91106-JEK, 2025 WL 1424519, at *2 (D. Mass. May 16, 2025) (citing *Sacks Holdings, Inc. v. Vaidya*, No. 24-mc-80197-PHK, 2024 WL 4730424, at *3 (N.D. Cal. Nov. 7, 2024)); *Fed. Ins. Co. v. Empresas Sabaer, Inc.*, No. CV 12-1113(GAG/SCC), 2013 WL 12234635, at *2 (D.P.R. Sept. 18, 2013) (finding that a non-party's objections to a subpoena on privilege grounds were foreclosed by its failure to promptly comply with the subpoena within its terms). Although the timing for filing a motion to quash is "less clear", Courts have generally "read the timeliness requirement to mean within the time set in the subpoena for compliance." *Pons*, 2025 WL 1424519, at *3 (internal citations omitted).

Here, Nodus has not offered any explanation for its failure to timely object to the Subpoena. After Plaintiff filed the motion to compel, the Court held the motion in abeyance and granted the Third-Party Financial Institutions a deadline of July 9, 2021 to comply. (Docket No. 7). Nodus and Banplus' response came more than two months

5

later, on September 29, 2021.[3] Even Banplus, which communicated its objections, did not move for a protective order under Fed. R. Civ. P. 26. By failing to timely object to the Subpoenas, Nodus waived all grounds for objection. For that reason, I grant the motion to compel as to Nodus and deny Nodus' motion to quash.

Even though Banplus' motion survives on procedural grounds, it meets the same fate as Nodus' on the merits.

"A Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." *Smith v. Turbocombustor Tech., Inc.*, 338 F.R.D. 174, 176 (D. Mass. 2021) (citing *Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009)). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)'s overriding relevance requirement." *Id.* (citing *EEOC v. Texas Roadhouse, Inc.*, 303 F.R.D. 1, 2 (D. Mass. 2014)). The party serving the subpoena has the burden of establishing the relevance of the requested information. *Id.* (citing *Viscito v. Nat'l Plan. Corp.,* No. CV 3:18-30132-MGM, 2020 WL 4274721 at *2 (D. Mass. July 24, 2020)); *see also Close v. Acct. Resol. Servs.*, 557 F. Supp. 3d 247, 250 (D. Mass. 2021) (citing *Torres v. Johnson & Johnson*, No. 3:18-10566-MGM, 2018 WL 4054904, at *2 (D. Mass. Aug. 24, 2018)) ("[T]he party seeking an order compelling discovery responses

---

[3] Banplus argues that it was not properly served with Plaintiff's motion to compel. (Docket No. 9). According to Banplus, on August 19th, 2021, Plaintiffs mistakenly notified the Law Firm of Reichard & Calaf, PSC with certain documentation related to a Motion to Compel. The law firm is not the registered agent for Banplus. Its registered agent, the Law Firm of Sosa Lloréns Cruz Neris & Asociados, was not served with a copy of Plaintiff's motion to compel. Reichard & Calaf, PSC delivered the documents via regular mail to Banplus. The documents were received by Banplus on August 24th, 2021. In any case, the Court accepted Banplus' response.
.

over the opponent's objection bears the initial burden of showing that the discovery requested is relevant.")

After that initial showing of relevance, "the objecting party bears the burden of showing that a discovery request is improper." *Close v. Acct. Resol. Servs.*, 557 F.Supp.2d at 250 (citation omitted).

As Caballero explains, the information sought came about because of a subpoena to OFAC, which identified the Third-Party Financial Institutions as holding blocked assets. (Docket No. 12, ¶2). ("Based on OFAC's production, Banplus and the other four subpoenaed third-party financial institutions in this case (see D.E. 6-1) are holding assets in Puerto Rico blocked under the Venezuela Sanctions Regulations, 31 C.F.R. part 591, as of June 17, 2020."). These assets are subject to garnishment and execution under TRIA and may be used to satisfy the Final Judgment in Plaintiff's favor. (Docket No. 12, ¶5-6). Thus, I find that the information sought is highly relevant to the case.

Regarding the vagueness, ambiguity, and overbreadth objection, Banplus avers that the Subpoena does not identify the names of individuals or entities and the timeframe for the request. The Subpoena, however, only requests information about accounts currently held that are "frozen," "seized," "blocked," or otherwise subject to the United States government's "possession," "control," or "restriction" under a series of regulations and sanctions programs. (Docket No. 6-1). Surely, the requested information about the accounts that fit these criteria is not, as Banplus puts it, a request for "all blocked and seized accounts since its organization." (Docket No. 15, ¶6).

Despite its objections, Banplus stated that it conducted a good faith search in its client database for the following names: Fuerzas Armadas Revolucionarias de Colombia;

7

FARC – EP;  Revolutionary Armed Forces of Colombia and The Norte de Valle Cartel. The search did not return any results. (Id. ¶14).

Furthermore, both in its replies and during the status hearing, Plaintiff expressed that because the information about accounts with such characteristics must be reported to OFAC pursuant to 31 C.F.R. § 501.603, it is already catalogued and readily available. Banplus does not refute this. Its objection regarding Plaintiff's request for information about the accounts or assets provided to OFAC is that the information is confidential.

A party opposing a request for information on the basis that it is privileged carries the burden. *See Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116-KAR, 2023 WL 7116755, at *2 (D. Mass. Oct. 27, 2023) (a party claiming privilege carries the initial burden of establishing grounds for asserting the privilege and that the privilege has not been waived.).

Banplus makes the general argument that customer financial information may only be disclosed in very limited circumstances, and cites the Gramm Leach Bliley Act, Regulation P (12 CFR Part 106), and Right to Financial Privacy Act (12 U.S.C. Chapter 35). Banplus, however, does not identify which provision of these laws is applicable to support its confidentiality allegations.

To counter, Plaintiff suggests that a confidentiality agreement and/or protective order could be put in place as a condition to disclosing the information responsive to the Subpoena. In fact, it says, not only did other financial institutions in the case provide information under such protections, but so did OFAC in its response to a subpoena request from Caballero. (Docket No. 12, at 9-10, citing Endorsed Protective Order, *Caballero v. FARC*, et al., No. 2:17-cv-00315-CW (D. Utah Jul. 1, 2020), D.E. 43)).

I agree with Caballero's proposal a confidentiality agreement or a protective order would be sufficient to appease Banplus' reservations.

Therefore, I find that the motion to compel must also be granted as to Banplus, with the proviso that Plaintiff and Banplus enter into a confidentiality agreement or that a proposed protective order be submitted to the Court for approval.

### III.   CONCLUSION

For the foregoing reasons, I grant Caballero's Motion to Compel, (Docket No. 6), and deny Nodus and Banplus' Motions to Quash (Docket Nos. 8 and 9). With respect to Banplus, I order that the information sought be produced under a confidentiality agreement between Banplus and Plaintiff or a protective order to be issued by the Court.

**IT IS SO ORDERED**

In San Juan, Puerto Rico this 22nd day of August, 2025.

<u>S/Héctor L. Ramos-Vega</u>
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE